**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DORA ARACELY MENDOZA CALMO,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.   19-70921<br><br>Agency No. A206-720-395<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 8, 2020[**]

Before:     CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

Dora Aracely Mendoza Calmo, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Mendoza Calmo failed to establish past persecution on account of a protected ground. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) ("An applicant alleging past persecution has the burden of establishing that (1) his treatment rises to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control."); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *Gormley v. Ashcroft*, 364 F.3d 1172, 1178 (9th Cir. 2004) ("[M]ere economic disadvantage alone does not rise to the level of persecution."); *Nagoulko v. INS*, 333 F.3d 1012, 1016-17 (9th Cir. 2003) (discrimination and harassment did not rise to the level of persecution).

We lack jurisdiction to consider Mendoza Calmo's contentions regarding newly proposed particular social groups and her likelihood of future persecution that she did not raise to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (this court lacks jurisdiction over issues that were not raised before the agency). Mendoza Calmo does not otherwise challenge the agency's conclusions

regarding future persecution. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

Thus, Mendoza Calmo's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT relief because Mendoza Calmo failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Mendoza Calmo's motion for a stay of removal (Docket Entry No. 1) is denied as moot. The temporary stay of removal will terminate upon issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**